UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL WILLIAMS, <br>                         Plaintiff, <br><br> -against- <br><br> Officer JOHN DOE 1, <br> Officer JOHN DOE 2, <br> and CITY OF NEW YORK, <br>                         Defendants. | Case No. _____ <br> ECF Case <br> Jury Trial Demanded |



JUDGE BUCHWALD

08 CIV 5498

RECEIVED JUN 18 2008 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

1. This is a civil rights action brought by plaintiff Paul Williams ("Mr. Williams" or "plaintiff") by and through his attorneys Covington & Burling LLP, asserting claims for assault, battery, and violation of his Fourth Amendment rights arising from plaintiff's assault by two New York City police officers during his arrest on March 21, 2007. Plaintiff seeks compensatory and punitive damages, fees, costs and other appropriate relief.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3-4). Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

## JURY DEMAND

4. Mr. Williams demands a trial by jury in this action.

## PARTIES

5. Mr. Williams is currently a resident of the Bronx, New York. He is a United States citizen.

6. Officer John Doe 1 is a sworn officer employed by the New York City Police Department who was involved in plaintiff's arrest on March 21, 2007. He is sued in his individual capacity.

7. Officer John Doe 2 is a sworn officer employed by the New York City Police Department who was involved in plaintiff's arrest on March 21, 2007. He is sued in his individual capacity.

8. Defendant City of New York ("City") is a municipal corporation organized under the laws of the state of New York.

## FACTS

9. On March 21, 2007, Mr. Williams was living at 60 East 102nd Street, Apartment 15F, in Manhattan, New York. He shared this apartment with Shavon Edwards, his girlfriend at the time, their young daughter, and Ms. Edwards's older son.

10. At approximately 12 p.m., the New York City police executed a search warrant at the apartment. Several police officers entered plaintiff's apartment. Two of the officers, John Doe 1 and John Doe 2, apprehended plaintiff in the bedroom of the apartment. Ms. Edwards and plaintiff's daughter were also in the bedroom at the time.

11. Officer Doe 1 and Officer Doe 2 ordered Mr. Williams to "get on the floor." Mr. Williams obeyed this order by dropping to his knees. The two officers ordered plaintiff to "get on your belly," and plaintiff dropped to his hands and knees on the floor. Mr. Williams was then struck violently in the head with a blunt object, believed to be a gun, by Officer Doe 1 or Officer Doe 2. Mr. Williams's head began to bleed profusely.

12. Approximately twenty minutes after being struck, Mr. Williams was taken to Metropolitan Hospital Center by another police officer. He received six staples for the laceration on his head.

13. During their search of Mr. Williams's apartment, the police found several ounces of marijuana. No weapons were found.

14. Mr. Williams pled guilty to criminal possession of marijuana in the fourth degree, an A misdemeanor, and received three years probation. He has no other criminal record.

15. At no time prior to or during his arrest did Mr. Williams threaten the officers, resist arrest, or attempt to escape.

16. Since his assault on March 21, 2007, Mr. Williams has regularly suffered from severe and immobilizing back pain and severe headaches.

17. The assault has also caused Mr. Williams significant mental anguish due to, among other things, the fact that his young daughter witnessed his assault.

18. At all times relevant to this complaint, the defendant officers acted under color of law, statute, custom, or usage of the City of New York.

19. At all times relevant to this complaint, the officers acted within the scope of their employment as New York City police officers and acted on behalf of and in the interests of their employer.

20. Mr. Williams filed a Notice of Claim against the City on April 7, 2008. Because this Notice was filed after the 90-day time period provided in N.Y. GEN. MUN. LAW § 50-e(1)(a), Mr. Williams filed an application to serve a late notice of claim on the City pursuant to N.Y. GEN. MUN. LAW § 50-e(5). That application is currently pending in New York Supreme Court.

## CLAIM I:  VIOLATION OF FOURTH AMENDMENT RIGHTS
### (Defendants Doe 1 and Doe 2)

21. On the facts alleged above, defendants John Doe 1 and John Doe 2 are liable to the plaintiff for using excessive force in his arrest in violation of his Fourth Amendment rights. Plaintiff's claim for a violation of his Fourth Amendment rights is actionable under 42 U.S.C. § 1983.

## CLAIM II:  ASSAULT AND BATTERY
### (Defendants Doe 1 and Doe 2)

22. On the facts alleged above, defendants John Doe 1 and John Doe 2 had no lawful basis for hitting plaintiff in the head with a blunt object. Therefore, defendants John Doe 1 and John Doe 2 are liable to plaintiff under New York law for assault and battery.

## CLAIM III:  ASSAULT AND BATTERY
### (Defendant City of New York)

23. On the facts alleged above, defendant City of New York is liable to plaintiff under New York law for assault and battery based on a theory of *respondeat superior* liability because

its employees, John Doe 1 and John Doe 2, were acting in the scope of their employment when they committed assault and battery by hitting plaintiff in the head.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that the Court:

1. ENTER JUDGMENT declaring that the actions of the defendants violated the constitutional and common law rights of the plaintiff;

2. ENTER JUDGMENT awarding plaintiff compensatory damages from the defendants in the amount of $1,000,000;

3. ENTER JUDGMENT awarding plaintiff punitive damages from defendants Doe 1 and Doe 2 in the amount of $1,000,000;

4. AWARD plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

5. GRANT such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 18, 2008

                        COVINGTON & BURLING

                        By: /s/ M. K. Bonthuis
                            C. William Phillips
                            Mari K. Bonthuis

                        The New York Times Building
                        620 Eighth Avenue
                        New York, New York 10018
                        (212) 841-1000
                        cphillips@cov.com
                        mbonthuis@cov.com

                        *Attorneys for Paul Williams*